NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3045

YVONNE C. JOHNSON

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: May 18, 2006

_____

Before MAYER, BRYSON, and DYK, Circuit Judges.

Opinion for the court filed by Circuit Judge BRYSON. Dissenting opinion filed by Circuit Judge MAYER.

BRYSON, Circuit Judge.

## DECISION

Yvonne C. Johnson appeals from an order of the Merit Systems Protection Board, Docket No. PH-0831-04-0568-I-1, in which the Board rejected her claim that she was entitled to benefits under the Civil Service Retirement System ("CSRS") based on the former employment of her deceased husband. We vacate and remand.

BACKGROUND

Ms. Johnson's late husband, Maurice P. Johnson, was a federal civil service employee for more than 20 years, until he left the federal service in 1980. After leaving the federal service, he applied for disability retirement, but his application was denied. Thereafter, he filed an application for a refund of the retirement contributions he had made during his service. On two of his refund applications, dated October 20, 1988, and December 16, 1988, Mr. Johnson certified that he was not married, even though Ms. Johnson represents that he was in fact married to her at that time. On December 20, 1988, a refund in the amount of $11,616.16 was authorized to be paid to Mr. Johnson.

Mr. Johnson died in 2003. After his death, Ms. Johnson filed an application for survivor benefits based on Mr. Johnson's period of federal service. The Office of Personnel Management ("OPM"), however, advised her that no benefits were payable because all of Mr. Johnson's retirement contributions had previously been refunded to him. On Ms. Johnson's request for reconsideration, OPM affirmed its initial decision denying her request for benefits.

Ms. Johnson appealed OPM's reconsideration decision to the Merit Systems Protection Board. The administrative judge assigned to her case upheld OPM's decision. The judge noted that because Mr. Johnson had withdrawn his retirement contributions after leaving the federal service, neither he nor any survivor was entitled to a CSRS annuity. Ms. Johnson argued that she was not informed of Mr. Johnson's 1988 application for a refund of his retirement contributions, and that OPM was under a duty to ensure that she was notified of his refund application. In response to that argument,

the administrative judge held that although the law required that an employee's spouse be informed of the employee's withdrawal of retirement contributions—and the consequent forfeiture of his retirement annuity rights and her rights to a survivor annuity—the obligation to provide such notice fell upon the employee, not OPM. The administrative judge noted that OPM had advised Mr. Johnson that he had an obligation to notify a current or former spouse of his refund application. The administrative judge held that OPM had reasonably relied on Mr. Johnson's statement that he was not married, even though that statement was false. Therefore, the administrative judge held that there was no legal basis to grant Ms. Johnson's request for any relief based on her lack of notice of Mr. Johnson's refund application. After the full Board denied her petition for review, Ms. Johnson sought review by this court.

## DISCUSSION

The government concedes that the administrative judge erred when he ruled that OPM was not required to cross-check Mr. Johnson's refund application with his personnel file. However, the government argues that the error was harmless and that the Board's decision should be upheld on that ground.

In 1984, the Civil Service Retirement Act was amended to provide that OPM would pay a lump-sum refund of retirement contributions to an employee "only if any spouse and any former spouse of the employee . . . are notified of the employee's . . . application." 5 U.S.C. § 8342(j). The statute further provides that the payment of the lump-sum refund of retirement contributions "shall be subject to the terms of a court decree of divorce, annulment, or legal separation or any court order or court approved property settlement agreement incident to such decree" if the decree, order, or

06-3045                                                    3

agreement expressly relates to any portion of the lump-sum credit, and if payment of the lump-sum refund would extinguish the employee's or the spouse's right to a CSRS annuity. Id.

In Muwwakkil v. Office of Personnel Management, 18 F.3d 921 (Fed. Cir. 1994), this court held that as a part of the process of refunding retirement contributions, OPM has a duty to go beyond an employee's representation that he or she had no spouse or former spouse. Instead, the court held, OPM must examine the employee's personnel file to determine if there was such a spouse or former spouse who might have rights with respect to the refund or a later survivor annuity that would be forfeited upon payment of the refund. Accordingly, the court held in the Muwwakkil case that OPM had failed to comply with its obligations to ensure that Ms. Muwwakkil had been informed of her former husband's refund application. The court further held, however, that in order for Ms. Muwwakkil to obtain any relief as a result of OPM's failure to comply with those notification responsibilities, the Board would have to conclude that she had been harmed by the absence of notification. 18 F.3d at 926. The court noted that it was not clear whether, if Ms. Muwwakkil had been given timely notice of the proposed refund, she would have sought, and could have obtained, a modification of the decree that would have given her rights with respect to her husband's retirement contributions. Accordingly, the court remanded the case to the Board to determine if Ms. Muwwakkil was prejudiced by not being notified about the refund application filed by her ex-husband.

This case is not sufficiently different from Muwwakkil to justify a different result. We therefore adopt the same disposition—to remand to the Board for a harmless error

determination. The only potentially material difference between this case and Muwwakkil is that Ms. Muwwakkil was divorced from her federal employee husband, and there was an existing divorce decree, while Ms. Johnson was apparently separated from Mr. Johnson but not divorced. The government seizes on that difference and argues that the divorce decree in Muwwakkil "may have been subject to modification." Based on its conclusion that Ms. Johnson had not taken "any apparent action . . . to preserve any interest in Mr. Johnson's property," the government argues that a remand for a harmless error determination, which was required in Muwwakkil, is not appropriate in this case.

We disagree. So far as the record reflects, neither Ms. Muwwakkil nor Ms. Johnson had any court order or agreement that gave either of them a legal right to the proceeds of the refund application at the time they were supposed to be notified. Nonetheless, this court held that Ms. Muwwakkil was entitled to an opportunity to demonstrate that if she had been notified of the pending refund application, she would have taken steps to preserve her interest in the refund. The fact that Ms. Muwwakkil had a divorce decree that might have been subject to modification is a factor that might have made it easier for her to find a vehicle through which to protect her interests, but the presence of a divorce decree in that case and not in this one is not a difference that, in our view, justifies a different treatment of the two cases.

Because the Board held that there was no error in this case, it had no occasion to explore the question whether OPM's error was prejudicial. Thus, the government has raised that issue for the first time in this court. The highly factual inquiry into whether the error in this case was prejudicial is not one that we are in a position to conduct in the

first instance, at least where the record is as incomplete with respect to the issue of prejudice as it is in this case. Because we are not in a position, based on the limited record before us, to make the kind of factual inquiry necessary to determine whether Ms. Johnson has been prejudiced by the absence of notification of the refund application, we hold that the proper course, as in Muwwakkil, is to remand this case so that the Board can address that issue in the first instance and can make whatever factual findings may be necessary to address the issue of prejudice. Accordingly, we remand this case to the Board to determine whether OPM's failure to notify Ms. Johnson of the pending refund application prejudiced her, or whether the error can be disregarded as harmless.

We have examined Ms. Johnson's other claims and find them to be without merit.

06-3045                                6

NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3045

YVONNE C. JOHNSON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

MAYER, <u>Circuit Judge</u>, dissenting.

Because vacatur and remand here will require the board to speculate as to whether there was harmful error, and because I do not believe <u>Muwwakkil v. Office of Personnel Management</u>, 18 F.3d 921 (Fed. Cir. 1994), requires remand in this case, I dissent.

In <u>Muwwakkil</u>, there was an existing divorce decree legally separating the former spouses' assets, which was capable of modification by the court and which evidenced the former spouses' intent to separate their assets. Here, Johnson does not claim that she was legally separated from Mr. Johnson, or that there was any court-approved property settlement agreement awarding her a portion of Mr. Johnson's property. Thus, vacatur and remand, given the absence of any court intervention separating the Johnsons' assets, will require significant speculation by the board as to whether there was harmful error, <u>i.e.</u>, remand will require the board to decide if Johnson would have actually sought (and received) either a legal separation or a court-approved property settlement agreement had she known about the lump-sum payment to Mr. Johnson.